UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID BERCOVITCH, individually and on behalf of all others similarly situated, | § § § | |
| | § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| ALDOUS & ASSOCIATES, PLLC | § § | **CLASS ACTION COMPLAINT** |
| Defendant. | § § | **DEMAND FOR JURY TRIAL** |
| | § § § § | |

Plaintiff, David Bercovitch (hereinafter "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his undersigned counsel against Defendant Aldous & Associates ("Aldous" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e). After determining that the existing consumer protection laws were inadequate, *id*. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id*. § 1692k.

3.      Here, Defendant's conduct, discussed in detail below, represents the very sort of abusive debt collection practices the FDCPA was enacted to prevent: mainly, misrepresenting the nature of the communication, the rights of purported debtors, and the steps necessary for them to take to avoid waiving the rights and protections provided to them under the FDCPA. Nearly every aspect of the communication discussed below is carefully designed to mislead debtors in violation of the FDCPA.

## PARTIES

4.      Plaintiff is a natural person and a resident of New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

5.      Defendant Aldous is a law firm based in Holladay, Utah and registered as a foreign limited liability company with the State of New Jersey.

6.      Upon information and belief, Defendant Aldous collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

7.      Defendant Aldous is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Aldous, when attempting to collect a debt, sends the same, or substantially similar letter to all consumers, including members of the Plaintiff Class.

**JURISDICTION AND VENUE**

8.      Jurisdiction in this Court is proper pursuant to 15 U.S.C. §§ 1692 *et seq*. and 28 U.S.C. § 2201.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**CLASS ACTION ALLEGATIONS**

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The putative Class consists of (a) all individuals with addresses in the state of New Jersey, (b) to whom Defendant, (c) sent a collection letter in an attempt to collect a consumer debt, (d) which letters were not returned as undeliverable by the Postal Service, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action, and (f) substantially in the form of the letter attached hereto as Exhibit A ("Plaintiff Class").

12.     The identities of the members of the Plaintiff Class are readily ascertainable from the records of Defendant Aldous and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant, itself, and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit

A, violate 15 U.S.C. §§ 1692e and 1692g.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Upon information and belief, Defendant Aldous, when attempting to collect a debt, sends the same, or substantially similar letter to all consumers, including members of the Plaintiff Class.

16.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorney have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) Numerosity: The Plaintiff informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical. Plaintiff estimates that the Plaintiff Class exceeds one hundred (100) individuals.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e and 1692g.

(c) Typicality: The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) <u>Superiority</u>: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**<u>ALLEGATIONS OF FACT</u>**

20.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

21.    As discussed in more detail below, Defendant Aldous violated the FDCPA by: (1)

misrepresenting that Defendant's the debt collection letter is a communication from an attorney; (2) threatening legal actions that Defendant is not intending to take; (3) misrepresenting that an attorney is involved in the collection of Plaintiff's debt; (4) misleading Plaintiff that he could dispute his debt through a phone call; (5) omitting from the Letter that Plaintiff must dispute the debt in writing; and (6) misrepresenting the time period which Plaintiff can dispute the debt under the FDCPA.

22.     When a debt collector solicits payment from a consumer, it must, either in the initial communication or within five days of the initial communication, send the consumer a written notice containing:

>    (1) the amount of the debt;

>    (2) the name of the creditor to whom the debt is owed;

>    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

23.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15

U.S.C. § 1692g(b).

24.  Some time prior to September 2023, City Fitness, a gym franchise with locations in the Philadelphia area, alleged Plaintiff incurred an obligation to it as a result of unpaid fees associated with Plaintiff's gym membership.

25.  The alleged obligation is a "debt" as defined by 15 U.S.C. §§ 1692a(5).

26.  Upon information and belief, City Fitness hired Defendant Aldous to collect the alleged debt.

27.  Defendant Aldous contends that the alleged debt is past due.

28.  Defendant Aldous collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

29.  In or around mid-September 2023, Defendant Aldous caused to be delivered to the Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. A true and correct copy of the Letter is attached as Exhibit A.

30.  Upon information and belief, Defendant Aldous sends substantially similar letters to all debtors it is attempting to collect debts from.

31.  Here, Defendant Aldous' Letter misrepresented that the Letter was from an attorney involved in the collection of Plaintiff's alleged debt and that, the failure to pay the alleged debt, would result in legal action. This conduct violates the FDCPA.

32.  The Letter was sent or caused to be sent by Defendant Aldous or persons employed by Defendant Aldous as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.  The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.  The Letter is dated August 29, 2023, but Plaintiff did not receive it until mid-

September 2023.

35.    The FDCPA prohibits debt collections from falsely representing or implying "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C.A. § 1692e (3)

36.    The FDCPA also prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C.A. § 1692e (10).

37.    The Letter violates the FDCPA, 15 U.S.C. § 1692e(3), (5), and (10) because it falsely implies that the Letter was sent by an attorney, that an attorney is involved in the collection of Plaintiff's debt, and that absent Plaintiff's payment of the amount allegedly due, legal action will be taken against Plaintiff.

38.    For example, the Letter prominently displays Defendant Aldous's logo on its letter, prominently displaying that they are "Attorneys At Law."

39.    Directly to the left of Defendant's logo are the names of two attorneys who presumably work for Defendant Aldous: "Peter A. Klc – of Counsel" and "Jeffrey N. Aldous."

40.    Directly underneath Defendant Aldous' logo, the Letter states the following:

This law firm has been retained by City Fitness to collect the total amount as a result of your defaulted contract with the Company. We are trying to collect a debt that you owe to City Fitness. We will use any information you give us to help collect the debt. Aldous & Associates is a debt collector.

41.    The Letter, in its entirety, is shown below:

Peter A. Klc – of Counsel
Jeffrey N. Aldous



ALDOUS
— & ASSOCIATES —
*Attorneys At Law*
P.O. Box 171374 ● Holladay, UT 84117-1374
Phone: (385) 388-8005

Office Hours
Mon – Thu 8:00AM to 7:00PM (MST)
Fri 8:00AM to 6:00PM (MST)

**Reference:** 3188815

This law firm has been retained by City Fitness to collect the total amount as a result of your defaulted contract with the Company. We are trying to collect a debt that you owe to City Fitness. We will use any information you give us to help collect the debt. Aldous & Associates is a debt collector.

### Our information shows:

| You had an agreement with CITY FITNESS and the reference number in our office is 3188815. | |
|---|---|
| As of 08/16/2023, you owed: | $ 546.42 |
| Between 08/16/2023, and today: | |
| You were charged this amount in interest: + | $ 0.00 |
| You were charged this amount in fees: + | $ 0.00 |
| You paid or were credited this amount toward the debt: – | |
| **Total amount of the debt now:** | **$ 546.42** |

If you continue to ignore your financial obligations, the creditor may choose to report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit score.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. You can also pay online by scanning QR code.

**Notice:** See reverse side for important information

### How can you dispute the debt?

- **Call or write to us by October 6, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by October 6, 2023,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

### What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by October 6, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form.
- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
- Scan to pay now.



PAY HERE

525566048_28CTALAS0136

---

P.O. Box 171374
Holladay, UT 84117-1374
CHANGE SERVICE REQUESTED

August 29, 2023

David Bercovitch
12 Carriage House Ct
Cherry Hill NJ 08003-5159

### How do you want to respond?

Check all that apply:
- ☐ **I want to dispute the debt because I think:**
- ☐   This is not my debt.
- ☐   The amount is wrong.
- ☐   Other (please describe on the reverse or attach additional information).
- ☐ **I want you to send me the name and address of the original creditor.**
- ☐   **I enclosed this amount:** | $ |

Make your check payable to Aldous & Associates. Include the reference number 3188815.

### Mail this form to:

Aldous & Associates
P.O. Box 171374
Holladay, UT 84117-1374

42.    The Letter falsely implies attorney involvement in the collection of Plaintiff's debt.

43.    For example, the header prominently reads that the Letter is sent from a law firm, even including "Attorneys At Law" in its logo, and specifically lists two attorneys of the law firm, even designating one as "Of Counsel," suggesting that these attorneys are involved in the collection of Plaintiff's debt.

44.    The Letter's logo and header misrepresent that an attorney is attempting to collect the debt.

45.    Similarly, the first sentence of the Letter reads "This *law firm has been retained* by City Fitness to collect the total amount as a result of your defaulted contract with the Company."

46.    As with the header, this language misrepresents that an attorney is involved in collecting Plaintiff's debt, that the Letter was from an attorney, and that legal action would be taken if the amount allegedly owed was not paid. Further demonstrating this is the Letter's use of the words "your defaulted contract," terms typically used by attorneys, not debt collectors, further creating the false impression that the Letter is from an attorney involved in the collection of Plaintiff's debt.

47.    Plaintiff, like the least sophisticated consumer, would believe that the only reason to "retain" a law firm to collect a debt is to pursue legal action if the debt is not paid.

48.    The Letter does contain a one sentence disclaimer, however, the disclaimer is not displayed prominently and is lumped together with other information to downplay and overshadow its significance and further misrepresent the true nature of the Letter.

49.    Specifically, the disclaimer language reads:

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. You can also pay online by scanning the QR Code.

50.    The disclaimer is insufficient to identify Defendant Aldous' role in collecting the

debt, in part, because it contradicts the language prominently displayed at the top of the Letter that City Fitness had retained a Law Firm to collect Plaintiff's debt. Defendant Aldous' disclaimer is insufficient to prevent liability under the FDCPA.

51.      Other aspects of the disclaimer demonstrate that the inclusion of the disclaimer further contributes to the Letter's misrepresentation of attorney involvement in the collection of Plaintiff's debt.

52.      For example, the disclaimer is included in the bottom left corner of the Letter and is printed using font approximately *half the size* of the language stating the "This law firm has been retained by City Fitness[,]" prominently displayed at the top of the Letter.

53.      The disclaimer's placement and font size help to conceal it from Plaintiff and other consumers and is therefore misleading in violation of the FDCPA.

54.      Further, the disclaimer does not even state that no attorney is involved in the collection of Plaintiff's purported debt and that Defendant Aldous is acting solely as a debt collector. Instead, the disclaimer states that "At this time, no attorney has personally reviewed the *particular circumstances* of your account."

55.      The disclaimer's lack of clarity is misleading as it suggests that an attorney reviewed the account, but simply not the "particular circumstances," an unclear term.

56.      Further, immediately following this one-sentence disclaimer the Letter states "You can also pay online by scanning QR code."

57.      Just above this, is the amount of the debt that Defendant Aldous asserts is due "now".

58.      The wording and placement of this language is misleading because it suggests that while no attorney has reviewed the particular circumstances of the account "at this time," that

could change if payment is not made promptly.

59.     This falsely implies among other things that failure to pay "now" will result in legal action.

60.     Despite suggesting attorney involvement in the Letter, no attorneys were involved in the attempted debt collection from Plaintiff or the creation of the Letter.

61.     For example, shortly after receiving the Letter, Plaintiff received a call from one of Defendant's representatives attempting to collect the alleged debt. Plaintiff requested that Defendant's representative provide her full name and contact information for the company before continuing the conversation. In response, Defendant's representative simply hung up on Plaintiff after he requested this basic, required information.

62.     The following week, another one of Defendant's representatives called Plaintiff. Plaintiff again requested contact information for Defendant and in response was provided a PO Box Number. Plaintiff requested more information than that and was told by Defendant's representative that he would need to speak with her manager to obtain Defendant's contact information.

63.     Plaintiff was then placed on hold for fifteen minutes. When Defendant's representative got back on the line, she informed Plaintiff that her manager was not available, and he would have to call back if he wanted to discuss Defendant's contact information.

64.     Neither of Defendant's representatives were attorneys.

65.     The Letter therefore represents the use of deceptive means to collect a debt in violation of the FDCPA.

66.     The Letter's validation of rights notice ("Validation Notice") also violates the FDCPA both because it fails to satisfy the requirements of 15 U.S.C. § 1692g and because it

represents a false and deceptive attempt to collect a debt.

67.    Pursuant to 15 U.S.C. § 1692g of the FDCPA, a debt collector must provide a consumer with his or her validation rights, notifying them of their rights to dispute the debt directly with the debt collector, and such a notice cannot be overshadowed or contradicted by other language in the letter.

68.    The Validation Notice Provision, 15 U.S.C. § 1692g, states in pertinent part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

69.    Despite these clear instructions on what information should be included in the Validation Notice, Defendant Aldous failed to include this information.

70.    Instead, Defendant Aldous' Validation Notice is unclear, using deceptive language to misrepresent Plaintiff's and other's rights under the FDCPA.

71.     Specifically, Defendant Aldous' Validation Notice states

**How can you dispute the debt?**

- **Call or write to us by October 6, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by October 6, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

72.     Defendant Aldous' Validation Notice does not effectively convey to Plaintiff or any other debtor their rights under the FDCPA.

73.     For example, Defendant Aldous' Validation Notice falsely implies that calling to dispute the debt is just as effective as submitting a written dispute.

74.     To the extent that Defendant Aldous' Validation Notice is properly worded, it is overshadowed and contradicted by other language in the Letter, particularly that the debt may be disputed by phone or written mail, while omitting that disputes by phone call do not provide the protections under the FDCPA.

75.     Defendant Aldous' Validation Notice also omits that it will only validate the debt if the debt is disputed in writing. As a result, Defendant Aldous' Validation Notice is invalid, in violation of section 1692g.

76.     Defendant violated § 1692g by directing Plaintiff to "call or write" to dispute the debt because Plaintiff, as would any least sophisticated consumer, reasonably believed that he could effectively dispute the validity of the alleged debt by calling the phone number listed on the Letter and that this would have the same effect as providing written notice of the dispute.

77.     Although the Letter implies that the debt can be disputed either by phone or mail, with no difference between the two methods, the Letter omits that if Plaintiff or any debtor calls, instead of submits a writing, they will not be afforded the protections set forth in 15 U.S.C. §

1692g, which are only afforded to consumers who dispute a debt in writing.

78.    As written, Defendant Aldous' Validation Notice misrepresents that Plaintiff could just as effectively dispute his debt through a call as through written correspondence.

79.    As such, Defendant's Letter does not include an email address or website, instead only includes a physical address, a PO Box in Utah. Therefore, any written dispute would need to be physically mailed to Defendant's PO Box.

80.    Given that a phone call is far less cumbersome and expensive than physically mailing a dispute letter through USPS, nearly all debtors will elect to call, unaware, due to the deceptive language of the Letter, that they are foregoing rights under the FDCPA by disputing the debt in this manner.

81.    Compounding on this, Defendant's Validation Notice failed to state that the consumer must dispute the debt in writing to invoke the protections afforded by 15 U.S.C. § 1692g.

82.    This misrepresents Plaintiff's rights under the FDCPA, violates the FDCPA's Validation Notice requirements, and is a violation of the FDCPA.

83.    Defendant Aldous' Validation Notice is also invalid and deceptive because it misrepresents the time Plaintiff has to dispute his debt or otherwise respond to the Letter.

84.    The FDCPA provides that the Validation Notice shall include:

a statement that unless the consumer, within *thirty days after receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]" 15 U.S.C. § 1692g (a)(3).

a statement that if the consumer notifies the debt collector in writing within the *thirty-day period* that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

a statement that, upon the consumer's written request within the *thirty-day period*, the debt collector will provide the consumer with the name and address of the

original creditor, if different from the current creditor.

15 U.S.C. § 1692g (a)(3)-(5) (emphasis added).

85. Defendant Aldous' Validation Notice misrepresents the amount of time Plaintiff has to dispute the alleged debt.

86. Instead of using the language required by the FDCPA – that a consumer has *thirty days from the receipt of the debt collector's notice to dispute the debt* – Defendant Aldous' Validation Notice sets a specific date which Plaintiff must respond by to dispute the debt.

87. For example, in the Letter, Defendant Aldous' states that Plaintiff must dispute the debt by October 6, 2023, or it will assume the debt is valid.

88. This provision of the Letter violates the FDCPA which requires debt collector notices to provide debtors *thirty days from the receipt of the notice* to dispute the debt.

89. Omitting the thirty-day period from its Validation Notice and replacing it with a date of its own choosing renders Defendant Aldous' Validation Notice invalid and misleading.

90. For example, the Letter is dated August 29, 2023, leaving more than thirty days between that date and the October 6, 2023 date required for a dispute in the Letter.

91. However, as stated in the plain text of the FDCPA, the thirty-day period begins when the consumer *receives* Defendant's notice, not when they send the notice.

92. Plaintiff, for example, did not receive the Letter until approximately mid-September 2023, less than thirty days before the October 6, 2023 dispute deadline set forth in the Letter.

93. This practice violates the FDCPA because it fails to provide the correct amount of time a consumer has to dispute a debt and renders the Letter misleading by informing debtors that the time period for a dispute is different than the time provided under the FDCPA.

94.     Further, although the Letter states "**Notice: See reverse side for important information**", the reverse side of the Letter is blank.

95.     Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

96.     Upon information and belief, Defendant, when attempting to collect a debt, sends the same, or substantially similar letter to all consumers, including members of the Plaintiff Class.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. § 1692e *et seq.*)**

97.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

98.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(3), (5), and (10).

99.     Defendant Aldous violated the aforementioned FDCPA sections by misrepresenting that an attorney is involved in the collection of Plaintiff's debt, that the Letter was written by an attorney, and by falsely implying that failure to pay will result in legal actions.

100.     Defendant Aldous also violated 15 U.S.C. § 1692e by falsely implying that Plaintiff could dispute his debt by phone, while omitting that doing so will forfeit his rights under the FDCPA, as a consumer must dispute the debt in writing under 15 U.S.C. § 1692g(a)(3) to invoke the protections afforded by 15 U.S.C. § 1692g.

101.     Defendant Aldous further violated 15 U.S.C. § 1692e by misrepresenting the time period which Plaintiff could dispute the alleged debt.

102.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. § 1692g *et seq.*)

103.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

104.    As explained herein, Defendant Aldous debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g, the requirements of which are stated above.

105.    Defendant violated 15 U.S.C. § 1692g, as explained herein, by misrepresenting the rights of consumer by implying that consumers can just as effectively dispute a debt by calling Defendant as they can by sending a written notice of dispute.

106.    Defendant also violated 15 U.S.C. § 1692g by misrepresenting the time period which a consumer has to dispute a debt – 30 days following the consumer's receipt of the debt collector's notice.

107.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

108.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Kang Haggerty, LLC as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,
KANG HAGGERTY LLC


By:    */s/ Ross M. Wolfe*
       Ross M. Wolfe (Bar ID 316938)
       123 S. Broad Street, Suite 1670
       Philadelphia, PA 19109
       ekang@kanghaggerty.com
       kkovalsky@kanghaggerty.com
       rwolfe@kanghaggerty.com
       P: (215) 525-5850
       F: (215) 525-5860

       *Attorney for Plaintiff and Class*

DATED: October 10, 2023

# EXHIBIT A

Peter A. Klc – of Counsel
Jeffrey N. Aldous

# ALDOUS
—— & ASSOCIATES ——
*Attorneys At Law*
P.O. Box 171374 ● Holladay, UT 84117-1374
Phone: (385) 388-8005

Office Hours
Mon – Thu 8:00AM to 7:00PM (MST)
Fri 8:00AM to 6:00PM (MST)

**Reference:** 3188815

This law firm has been retained by City Fitness to collect the total amount as a result of your defaulted contract with the Company. We are trying to collect a debt that you owe to City Fitness. We will use any information you give us to help collect the debt. Aldous & Associates is a debt collector.

## Our information shows:

You had an agreement with CITY FITNESS and the reference number in our office is 3188815.

| | |
|---|---|
| As of 08/16/2023, you owed: | $ 546.42 |
| Between 08/16/2023, and today: | |
| You were charged this amount in interest: + | $ 0.00 |
| You were charged this amount in fees: + | $ 0.00 |
| You paid or were credited this amount toward the debt: − | |
| **Total amount of the debt now:** | **$ 546.42** |

If you continue to ignore your financial obligations, the creditor may choose to report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit score.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. You can also pay online by scanning QR code.

<u>Notice</u>: See reverse side for important information

## How can you dispute the debt?

- **Call or write to us by October 6, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by October 6, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by October 6, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form.

- Go to **www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Scan to pay now.



PAY HERE

525566048_29CTALAS0136

---

P.O. Box 171374
Holladay, UT 84117-1374
CHANGE SERVICE REQUESTED

August 29, 2023

⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿⫿
David Bercovitch
12 Carriage House Ct
Cherry Hill NJ 08003-5159

### How do you want to respond?

Check all that apply:

- ☐ **I want to dispute the debt because I think:**
- ☐ This is not my debt.
- ☐ The amount is wrong.
- ☐ Other (please describe on the reverse or attach additional information).
- ☐ **I want you to send me the name and address of the original creditor.**
- ☐ **I enclosed this amount:** $ _____

Make your check payable to Aldous & Associates.
Include the reference number 3188815.

**Mail this form to:**

Aldous & Associates
P.O. Box 171374
Holladay, UT 84117-1374